IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON MEDICAL CENTER, INC.,

      Plaintiff,

v.                                       Civil Action No. 5:15CV131
                                                         (STAMP)
QHR INTENSIVE RESOURCES, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION CONSTRUED
AS MOTION UNDER RULE 60(a),
APPROVING PARTIES' STIPULATION REGARDING
AMOUNT OF PREJUDGMENT INTEREST
AND AMENDING JUDGMENT**

Previously, this Court granted the defendant's motion to confirm the arbitration award and entered judgment in the amount of $1,486,903.11 plus prejudgment interest from January 21, 2016, the date the arbitrator issued the Final Award, to the date of this Court's memorandum opinion and order confirming the arbitration award. This Court stated that the amount of prejudgment interest would be calculated at a later date, and this Court directed the parties to file a joint report regarding a proposed calculation of prejudgment interest. The parties did so and stipulated to prejudgment interest in the amount of $38,244.24. The defendant also filed a motion to alter or amend the judgment to include continuing interest awarded by the arbitrator accruing between the date of the arbitration hearing on April 13, 2015 and the date of the Final Award on January 21, 2016. For the following reasons,

the defendant's motion to amend is granted and the parties' stipulation as to prejudgment interest is approved.

## I. Background

Weirton Medical Center, Inc. ("WMC") is a hospital in Weirton, West Virginia. WMC entered into an agreement with QHR Intensive Resources, LLC ("QIR") in which QIR would provide hospital administrative services ("the Turnaround Agreement"). Before the engagement term was to end, WMC terminated the Turnaround Agreement and refused to pay QIR's invoices. QIR forced arbitration in accordance with the agreement, arguing that WMC breached the agreement by failing to pay the invoices. Eventually, the arbitrator entered his "Findings of Fact and Conclusions of Law", awarding damages to QIR. QIR then filed a motion with the arbitrator for attorneys' fees and costs. The arbitrator denied the motion, concluding that the term of the arbitration agreement providing for the award of attorneys' fees and costs was unconscionable. The arbitrator then entered the "Final Award."

The Turnaround Agreement included a "Late Payments" provision, providing that "[i]nterest shall accrue from the date the original payment was due at a rate of 1% per month until the payment is made in full." ECF No. 62-1 at 36. The arbitrator's Findings of Fact and Conclusions of Law state that "in accordance with the terms of the [Turnaround] Agreement, the unpaid balance accrues interest at a rate of 1% per month going back to the date when payment was due

2

. . . through the first day of the [arbitration] hearing" (April 13, 2015) and that "[i]nterest shall continue to accrue on this Award at a rate of 1% per month until such time as this Award is paid or until it is confirmed as a judgment by a court of competent jurisdiction, at which time the further rulings of the court and applicable law shall determine any additional interest." ECF No. 62-2 at 26.

On January 21, 2016, the arbitrator issued the Final Award, providing "[i]n accordance with the Findings of Fact and Conclusions of Law dated August 12, 2015, incorporated herein, I . . . enter this Award in favor of QIR on its claim for breach of contract, awarding damages in the amount of $1,486,903.11. . . . This Award is in full settlement of all claims and counterclaims submitted to this Arbitration." ECF No. 62-3 at 1-2.

This Court confirmed the award and entered judgment for QIR in the amount of $1,486,903.11 plus prejudgment interest from January 21, 2016, the date the arbitrator issued the Final Award, to May 12, 2016, the date of this Court's memorandum opinion and order confirming the arbitration award. The amount of the judgment was taken from the Final Award, and this Court did not include the arbitrator's award of continuing interest provided in the Findings of Fact and Conclusions of Law.

II. Discussion

First, in civil actions such as this where jurisdiction is based on diversity of citizenship, the availability and amount of prejudgment interest is governed by applicable state law. AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001-02 (11th Cir. 2007). Under West Virginia law, prejudgment interest must be awarded on contractual obligations at a rate set in the agreement or at the legal rate set by statute. W. Va. Code § 56-6-31. Here, the parties agree that prejudgment interest from January 21, 2016 through May 12, 2016 should be calculated at the rate of 1% per month (12% per annum). The parties agree that the late payment clause of the Turnaround Agreement should be applied as an agreement on prejudgment interest. The parties' stipulation is APPROVED. Accordingly, using the base principal amount of $1,038,626.92, the amount of the award before interest, the accrued prejudgment interest is $38,244.24.[1]

Second, QIR asks this Court to amend the judgment to include continuing interest awarded by the arbitrator in the Findings of Fact and Conclusions of Law. QIR filed this motion under Federal Rule of Civil Procedure 59(e) and, alternatively, under Rule 60(a) or (b). For the reasons set forth below, this Court finds that the

---

[1]This Court applied the following calculation: 1,038,626.92 x (0.12/365) x 112 = $38,244.24.

omission of the awarded continuing interest is a clerical mistake, and, thus, this Court construes QIR's motion as one under Rule 60(a).

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).[2] The arbitrator's Findings of Fact and Conclusions of Law state that "in accordance with the terms of the [Turnaround] Agreement, the unpaid balance accrues interest at a rate of 1% per month going back to the date when payment was due . . . through the first day of the [arbitration] hearing" (April 13, 2015) and that "[i]nterest shall continue to accrue on this Award at a rate of 1% per month until such time as this Award is paid or until it is confirmed as a judgment by a court of competent jurisdiction, at which time the further rulings of the court and applicable law shall determine any additional interest." ECF No. 62-2 at 26. The Final Award stated that "[i]n accordance with the Findings of Fact and Conclusions of Law dated August 12, 2015, <u>incorporated herein</u>, I . . . enter this Award in

---

[2] This Court notes that under Rule 60(a), "after an appeal has been docketed in the appellate court and while it is pending, . . . a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). WMC has filed a notice of appeal. However, the United States Court of Appeals for the Fourth Circuit has issued a Jurisdictional Notice acknowledging QIR's motion to amend the judgment and suspending appellate proceedings until the motion is resolved. ECF No. 64. Accordingly, this Court may grant QIR's motion under Rule 60(a) without the Fourth Circuit's leave.

5

favor of QIR on its claim for breach of contract, awarding damages in the amount of $1,486,903.11. . . . This Award is in full settlement of all claims and counterclaims submitted to this Arbitration." ECF No. 62-3 at 1-2 (emphasis added). In stating the amount of the judgment, this Court mistakenly referred only to the amount of the award before the addition of the awarded continuing interest plus prejudgment interest. As this was a clerical mistake, this Court may, and does, correct the judgment to reflect the arbitrator's award of continuing interest. Accordingly, using the base principal amount of $1,038,626.92, the amount of the award before interest, the continuing interest accruing at a rate of 1% per month from April 14, 2015, the day after the first arbitration hearing, to January 20, 2016, the day before the arbitrator issued the Final Award, is $95,952.05.[3]

WMC argues that the Final Award did not provide for continuing interest of $95,952.05 because it definitively states that the award was in the amount of $1,486,903.11 and that it is "in full settlement of all claims and counterclaims submitted to this Arbitration." ECF No. 62-3 at 1-2. WMC further argues that QIR has waived its right to seek the continuing interest because it did not bring the omission of continuing interest in the Final Award to the arbitrator's attention as, WMC argues, QIR was required to do

---

[3]This Court applied the following calculation: 1,038,626.92 x (0.12/365) x 281 = $95,952.05.

by the applicable rules of the American Arbitration Association. However, the Final Award expressly states that it was issued "[i]n accordance with the Findings of Fact and Conclusions of Law" and that the Findings of Fact and Conclusions of Law were "incorporated" into the Final Award. ECF No. 62-3 at 1-2. Accordingly, this Court finds that by incorporating the Findings of Fact and Conclusions of Law, the Final Award included the award of continuing interest.

## III. Conclusion

For the foregoing reasons, the defendant's motion to alter or amend the judgment, construed as a motion to correct under Rule 60(a) (ECF No. 62) is GRANTED. Further, the parties' stipulation regarding the calculation of prejudgment interest (ECF No. 63) is APPROVED. Accordingly, the Clerk is DIRECTED to entered an amended judgment in the amount of $1,621,099.40, the sum of the initial judgment of $1,486,903.11, the awarded continuing interest of $95,952.05, and the accrued prejudgment interest of $38,244.24.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the United States Court of Appeals for the Fourth Circuit regarding Case No. 16-1647. The Clerk is further DIRECTED to prepare an amended judgment in accordance with this memorandum and order.

DATED:    August 19, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE